## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**Mark Nicholas,**
**Claimant Below, Petitioner**

**vs.)  No. 21-0740** (BOR Appeal No. 2052641)
(Claim No. 2016021955)

**Spartan Mining Company,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mark Nicholas, by Counsel J. Robert Weaver, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Spartan Mining Company, by Counsel Sean Harter, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on February 1, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its February 13, 2018, Order. The Order was affirmed by the Board of Review on August 23, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Nicholas, a roof bolter, alleges that he developed carpal tunnel syndrome in the course of and resulting from his employment with Spartan Mining Company. The record shows that Mr. Nicholas suffered from bilateral wrist/hand issues prior to his employment. On June 18, 2008, C.D. Beckett, D.O., treated Mr. Nicholas for a knot on his right hand that had been present for a few months. He diagnosed right upper ganglion cyst and recommended surgical evaluation.

On March 14, 2010, Mr. Nicholas sought treatment from Appalachian Regional Healthcare for a work-related neck injury. An x-ray showed mild degenerative changes without acute abnormality. It was noted that Mr. Nicholas had a median nerve deficit in the upper extremities. He was diagnosed with cervical degenerative joint disease. Mr. Nicholas returned to Dr. Beckett on March 2, 2011. Dr. Beckett diagnosed carpal tunnel syndrome and noted that he was planning to request medical records from Dr. Hanif regarding Mr. Nicholas's previously treatment for carpal tunnel syndrome. Anbu Nadar, M.D., saw Mr. Nicholas for bilateral pain and numbness in both hands, although the condition was worse in the left hand, on December 23, 2015. Mr. Nicholas stated that he underwent an EMG four years prior and believed he was diagnosed with carpal tunnel syndrome. On examination, Dr. Nadar found positive Tinel and Phalen signs, and he diagnosed bilateral carpal tunnel syndrome.

Mr. Nicholas completed an Employees' and Physicians' Report of Injury on January 27, 2016, alleging that he developed bilateral carpal tunnel syndrome in the course of his employment for Spartan Mining Company. The physician's section was completed by Dr. Nadar who diagnosed occupational bilateral carpal tunnel syndrome. The Employer's Report of Injury, completed on February 5, 2016, indicates Mr. Nicholas was hired on November 26, 2012. The claims administrator rejected the claim on February 1, 2017.

Mr. Nicholas testified in an April 27, 2017, deposition regarding his work history. From 1988 to 1993, he was a drywaller, and he was self-employed from 1994 to 2001 in construction. While doing construction, he used hammers, drills, and saws. Mr. Nicholas was a carpenter from 2001 to 2006 and again used hammers, drills, and saws. In 2008, Mr. Nicholas began working as a general laborer and roof bolter. In November of 2012, Mr. Nicholas began working for the employer as a roof bolter, and he was laid off in July of 2016. The roof bolter machine required the use of a joystick. He estimated that he performed between 100 and 1,000 roof bolts a shift. Mr.

Nicholas first noticed tingling and numbness in his hands in 2010 while working for Alpha Natural Resources as a roof bolter. The symptoms started on the right but eventually involved the left hand as well. Mr. Nicholas sought treatment and was diagnosed with severe left and mild right carpal tunnel syndrome. Surgery was recommended but Mr. Nicholas could not afford surgery at the time. He did not file a workers' compensation claim at that time. Mr. Nicholas continued to work, and his symptoms worsened. Mr. Nicholas again sought treatment in 2015. He was laid off of work in July of 2016, but he testified that his symptoms did not improve once he ceased working. He returned to work as a drywaller in February of 2017, and his symptoms remained unchanged.

In a July 7, 2017, Independent Medical Evaluation, Prasadarao Mukkamala, M.D., opined that Mr. Nicholas's carpal tunnel syndrome was the result of multiple factors including obesity and a smoking history. He further opined that Mr. Nicholas did not develop bilateral carpal tunnel syndrome as a result of his duties as a roof bolter while working for the employer. He noted that Mr. Nicholas's symptoms did not improve after he ceased working for the employer. Lastly, Dr. Mukkamala cited a medical study from the Nature Science Foundation Industry from Texas A&M University which concluded that the activities of a roof bolter do not present an increased risk of developing carpal tunnel syndrome.

Syam Stoll, M.D., performed an Independent Medical Evaluation on September 6, 2017, in which he noted that Mr. Nicholas's symptoms began in 2010 while he was working as a roof bolter for Alpha Natural Resources. After examination, Dr. Stoll opined that Mr. Nicholas's symptoms were not consistent with carpal tunnel syndrome but were consistent with cervical radiculopathy. Dr. Stoll further opined that if Mr. Nicholas does suffer from some carpal tunnel syndrome, it would not be the result of his employment duties. He noted that Mr. Nicholas's symptoms predated his start date for the employer, his symptoms did not improve when he ceased working, and the activities of a roof bolter do not cause an increased risk for carpal tunnel syndrome. Dr. Stoll stated that Mr. Nicholas's prior construction work from 1988 to 2008, obesity, and smoking history were the major contributors to his carpal tunnel syndrome.

The Office of Judges affirmed the claims administrator's rejection of the claim in its February 13, 2018, Order. It found that Mr. Nicholas's carpal tunnel syndrome predated his employment with Spartan Mining Company. Mr. Nicholas was not hired until November of 2012; however, he testified that he was diagnosed with carpal tunnel syndrome by EMG in 2010 and surgery was recommended by Dr. Hanif. The Office of Judges also found that Dr. Beckett diagnosed bilateral carpal tunnel syndrome in 2011 and noted that Mr. Nicholas was previously diagnosed with and treated for the condition. Therefore, the Office of Judges concluded that Mr. Nicholas had carpal tunnel syndrome prior to his employment with Spartan Mining Company.

The Office of Judges found that both Drs. Mukkamala and Stoll opined in their evaluations that Mr. Nicholas's carpal tunnel syndrome was not the result of his work duties. Both physicians stated that the duties of a roof bolter do not present an increased risk of carpal tunnel syndrome and both cited articles in support. Further, both physicians noted that Mr. Nicholas's carpal tunnel syndrome did not improve after he ceased working, indicating the condition is not related to his employment duties. Lastly, the Office of Judges noted that both physicians opined that Mr.

3

Nicholas's obesity and smoking history were significant risk factors for the development of carpal tunnel syndrome.

The Office of Judges determined that the only medical evidence Mr. Nicholas submitted was the claim application completed by Dr. Nadar and a December 23, 2015, treatment note. Though Dr. Nadar indicated on the claim application that Mr. Nicholas's carpal tunnel syndrome was an occupational disease, he did not identify any specific job activities that caused or contributed to the condition. In fact, he did not discuss Mr. Nicholas's job duties at all. The Office of Judges found that the opinions of Drs. Mukkamala and Stoll were more reliable than that of Dr. Nadar. The Board of Review affirmed the Office of Judges' Order on August 23, 2021.

After review, we agree with the conclusions of the Office of Judges and Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Further, in Syllabus Point 5 of *Moore v. ICG Tygart Valley, Inc.*, No. 20-0028, 247 W. Va. 292, 899 S.E.2d 779 (2022), this Court stated that

> [a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

In this case, the employer has submitted sufficient evidence to rebut the presumption of compensability. A preponderance of the evidence indicates Mr. Nicholas's carpal tunnel syndrome is not the result of his work duties. Both Drs. Mukkamala and Stoll opined that the duties of a roof bolter are not the kind of activities that cause an increased risk of carpal tunnel syndrome and both physicians cited medical articles in support. Further, the record clearly shows that the condition developed prior to Mr. Nicholas's employment with Spartan Mining Company.

Affirmed.

**ISSUED: May 2, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn